IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　Plaintiff,<br><br>vs.<br><br>DANIEL LEE LARSEN, and PAULINE KAY BLAKE,<br><br>　　　　　　Defendants. | MEMORANDUM DECISION AND ORDER<br><br>Case No.  2:00CR41DAK |

　　　　This matter is before the court on Defendant Pauline Kay Blake's "Motion to Correct Oversight or Omission Pursuant to Federal Rule of Criminal Procedure, Rule 36" and Defendant Daniel Lee Larsen's "Motion to Correct Oversight or Omission Pursuant Federal Rule of Criminal Procedure, Rule 36."   The motions are nearly identical.  Both motions contend that the following clerical errors were made: (1) the Presentence Report used the 2001 Edition of the United States Sentencing Guidelines; and (2) the Presentence Report on page 2 § 23, under "Base Offense Level," states "1.5 Kilograms or More of Methamphetamine 'actual,' the Base Offense Level is 38."

　　　　Rule 36 of the Federal Rules of Criminal Procedure provides that "[a]fter giving any notice it considers appropriate, the court may at any time correct a clerical error in a judgment, order, or other part of the record, or correct an error in the record arising from oversight or omission."  Fed. R. Crim. P. 36.  The Tenth Circuit has recognized that traditional clerical errors

may be modified under Rule 36, but that substantive modifications to a sentence may be made only in limited circumstances pursuant to Rule 35 or under specific statutory grants of authority. *United States v. Blackwell*, 81 F.3d 945, 947-49 (10th Cir. 1996). Rule 35 only allows for a correction of clear error within seven days after sentencing or for substantial assistance based on a motion brought by the government. Fed. R. Crim. P. 35.

Defendants' motions raise substantive issues that are beyond the scope of Rule 36 or Rule 35 of the Federal Rules of Criminal Procedure. Defendants are seeking to revisit the propriety of their sentences. These procedural rules, however, provide no basis for doing so. Defendant Larsen has already filed a motion pursuant to 28 U.S.C. § 2255, which was denied by this court on May 16, 2005. Defendant Larsen pursued that statutory attack on his sentence until certiorari was denied by the Supreme Court on December 4, 2006. Defendant Blake appears not to have filed a motion under 28 U.S.C. § 2255. But her time for doing so expired several years ago given that her Amended Judgment was entered January 27, 2004, and she did not file an appeal.

Even if the court had jurisdiction to address the issues raised by Defendants, their arguments have no merit. Defendants take issue with the Presentence Reports calculation of drug quantities. However, for purposes of determining drug quantity necessary for establishing a base offense level in the Sentencing Guidelines, iodine is converted to methamphetamine "actual" at a 3:1 ratio and ephedrine/pseudoephedrine is converted at a 2:1 ratio. The quantities of iodine seized in this case could produce 14.59 kilograms of methamphetamine "actual." And the quantities of pseudoephedrine could produce 1.97 kilograms of methamphetamine "actual." This information was properly considered by the court in determining the applicable sentencing

guideline range. Under U.S.S.G. § 2D1.11, Application Note 4, in cases involving multiple chemicals, the court is to use the quantity of the single chemical that results in the greatest offense level, regardless of whether the chemicals are set forth in different tables or in different categories. Therefore, the quantity of iodine was used to determine the offense level.

Defendants also argue that there is an ex post facto violation by using the Sentencing Guidelines in effect at the time of sentencing when those guidelines provide for a more onerous punishment for a crime committed before its enactment. In 1999, U.S.S.G. § 2D1.1(c) prescribed a base offense level of 38 for 3 kilograms or more of methamphetamine "actual," and in 2000, U.S.S.G. § 2D1.1(c) was amended to prescribe a base offense level of 38 for 1.5 kilograms or more of methamphetamine "actual." Regardless of which set of guidelines is used, the base offense level for 14.59 kilograms of methamphetamine "actual" is 38.

Based on the above reasoning, Defendant Pauline Kay Blake's "Motion to Correct Oversight or Omission Pursuant to Federal Rule of Criminal Procedure, Rule 36" is DENIED and Defendant Daniel Lee Larsen's "Motion to Correct Oversight or Omission Pursuant Federal Rule of Criminal Procedure, Rule 36" is DENIED.

DATED this 30th day of October, 2009.

BY THE COURT:

_____
DALE A. KIMBALL
United States District Judge